## Solis v. St. Luke's Hospital

*John P. Karoly Jr.* and *Lewis L. Thompson,* for plaintiff.

*Gregory S. Nesbitt,* for defendants.

JOHNSON, *J.,* June 9, 2005—The plaintiff in this action filed the complaint against the moving defendants on or about June 1, 2004. The complaint sounds in medical negligence, wrongful death, and survival actions.

Before the court for consideration is the defendants John J. Lukaszczyk M.D. and Bethlehem Surgical Center P.C.'s motion for summary judgment filed on April 29, 2005. The moving defendants argue that, in light of the plaintiff's failure to produce an expert report critical of the care rendered by the moving defendants, the plaintiff will not be able to meet the requisite burden of proof in this medical malpractice action and therefore the moving defendants are entitled to summary judgment as a matter of law. For the following reasons, the court will grant the moving defendants' motion.

## I. RELEVANT FACTUAL BACKGROUND

The plaintiff filed his complaint in this matter on or about June 1, 2004. Plaintiff filed his second amended complaint on or about October 19, 2004. Said complaint generally alleges that moving defendants are liable for negligence that occurred during laparoscopic surgery to the plaintiff's decedent's abdomen and his subsequent treatment. The plaintiff also generally alleges that during this laparoscopic surgery, two enterotomic tears occurred, of which only one was repaired intraoperatively. The second perforation was noted and repaired during an exploratory laparotomy procedure performed four days after the tear occurred, resulting in the plaintiff's decedent's development of peritonis, systemic sepsis and respiratory failure that caused his death.

By order of this court dated September 13, 2004, the plaintiff's pretrial discovery was to be completed by February 28, 2005, and all of the plaintiff's expert witness reports were to be submitted by March 31, 2005. The

March 31, 2005 deadline for the plaintiff to produce his expert reports has expired and, to date, the moving defendants have not received an expert report criticizing the care and treatment provided to the plaintiff's decedent in this action in compliance with the court-ordered deadline.

## II. DISCUSSION

The Supreme Court of Pennsylvania, in *Toogood v. Owen J. Rogal D.D.S., P.C.,* 573 Pa. 245, 262, 824 A.2d 1140, 1149 (2003), concluded that, because medicine is "an applied science, the realm of reasonable choice is best defined by those engaged in the practice and therefore expert medical testimony is required" in medical malpractice cases. Under Pennsylvania law, it is well-settled that to establish a prima facie case of medical malpractice, "a plaintiff is also required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." *Mitzelfelt v. Kamrin,* 526 Pa. 54, 62, 584 A.2d 888, 892 (1990); see also, *Strain v. Ferroni,* 405 Pa. Super. 349, 354-55, 592 A.2d 698, 701-703 (1991).

The only exception to the requirement of expert testimony is where the matter under investigation is so simple, and the lack or want of care so obvious as to be within the range of ordinary experience of even non-professional persons, also conceptualized as the doctrine of res ipsa loquitur. *Toogood,* 573 Pa. at 255, 824 A.2d at 1145; see also, *Smith v. Yohe,* 412 Pa. 94, 99, 194 A.2d 167, 170 (1999). "The key to the doctrine [of res ipsa loquitur] is that a sufficient fund of common knowledge exists within

a jury of laypersons to justify raising an inference" of negligence, "thereby reliev[ing] the plaintiff of having to prove causation directly." *Toogood,* 573 Pa. at 257, 824 A.2d at 1146.

The court finds, however, that the above exception is inapplicable in this case, as the plaintiff is alleging negligence based on the performance of laparoscopic surgery and resulting enterotomic tears, concepts outside of the range of ordinary experience of even non-professional persons. *Id.,* 573 Pa. at 255, 824 A.2d at 1145. Therefore, in order to establish a prima facie case of medical negligence, the plaintiff is required to present an expert witness to provide medical testimony to prove that the moving defendant's alleged actions fell below the acceptable medical standard of care.

Because the March 31, 2005 deadline for the plaintiff to produce his expert reports has expired and, to date, the moving defendants have not received an expert report criticizing the care and treatment provided to the plaintiff's decedent in this action in compliance with the court-ordered deadline, the court finds, as a matter of law, that the plaintiff cannot maintain a prima facie case of medical negligence against the moving defendants. Therefore, the moving defendants' motion for summary judgment filed on April 29, 2005, is hereby granted and the plaintiff's complaint against the moving defendants is dismissed with prejudice.

## ORDER

And now, June 9, 2005, upon consideration of defendants John J. Lukaszczyk M.D. and Bethlehem Surgical

Center P.C.'s motion for summary judgment filed on April 29, 2005, and plaintiff's failure to respond thereto, it is hereby ordered that said motion is granted, and the plaintiff's complaint against the moving defendants is dismissed for the reasons enumerated in the accompanying memorandum opinion.